

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

January 15, 1959

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin 11, Texas

Opinion No. WW-544

Re: The effect to be given
to Article 5221b-22a,
Vernon's Civil Statutes,
relating to administra-
tion and disbursement of
the moneys in the Unem-
ployment Compensation
Special Administration
Fund.

Dear Mr. Calvert:

You have requested our opinion on the following ques-
tion:

"For my further guidance in payment of
claims of like nature, I shall thank you to
advise me what effect, if any, I am to give
the following language in Article 5221b-22a,
as amended by the Regular Session of the
Fifty-first Legislature: 'All moneys in the
Unemployment Compensation Special Adminis-
tration Fund shall be deposited, administered,
and disbursed in the same manner and under the
same conditions and requirements as is pro-
vided by law for other special funds.'"

Article 5221b-22a provides in part as follows:

"There is hereby established as a special
fund, separate and apart from all public moneys
or funds of this State, an Unemployment Compen-
sation Special Administration Fund which may be
used by the Commission for the purposes of pay-
ing costs of the administration of this Act
including the costs of construction and purchase
of buildings and land necessary in such adminis-
tration. . . . Nothing in this Section, however,
shall prevent said moneys from being used as a

revolving fund, to cover expenditures necessary
and proper under the Texas Unemployment Compensa-
tion Act for which Federal funds have been duly
requested but not yet received, subject to the
charging of such expenditures against such funds
when received. . . . All moneys which are deposit-
ed or paid into the Unemployment Compensation
Special Administration Fund are hereby appropriat-
ed and made available to the Commission and shall
be continuously available to the Commission for
expenditure in accordance with the provisions of
this Act, and shall not lapse at any time or be
transferred to any other fund.  All moneys in the
Unemployment Compensation Special Administration
Fund shall be deposited, administered, and dis-
bursed in the same manner and under the same con-
ditions and requirements as is provided by law for
other special funds. . . ."

Section 7 of Article VIII of the Constitution of Texas,
provides:

"The Legislature shall not have power
to borrow, or in any manner, divert from
its purpose, any special fund that may, or
ought to, come into the Treasury; and shall
make it penal for any person or persons to
borrow, withhold or in any manner to divert
from its purpose any special fund, or any
part thereof."

This Section expressly prohibits the diversion by the
Legislature of any special fund that may or ought to come into
the State Treasury.  Carrol v. Williams, 109 Tex. 255, 202 S.W.
2d 504.  However, this Section applies only to constitutional
special funds, and is not applicable to statutory special funds.
Gulf Insurance Co. v. James, 143 Tex. 424, 185 S.W.2d 966, 1945,
Attorney General's Opinion V-107 (1947).

In Gulf Insurance Co. v. James, supra, the Court
stated:

"We agree with the holding of the Court of
Civil Appeals that the Legislature has the right
to transfer the balance on hand in these special
funds to the General Revenue Fund.  In so doing
the Legislature does not violate the provisions
of Article VIII, Section 7, of the Constitution.
. . .

">. . . The State could have required the
funds collected for the purposes indicated to
be paid directly to the General Revenue Fund
in the first instance.  Ex Parte Gregory, 20
Tex. App. 210, 219, 54 Am.Rep. 516; Brown v.
City of Galveston, 97 Tex. 1, 17, 75 S. W.
488.  If it had done so, then certainly the
excess, if any, would have been available
for use for general purposes.  The propriety
and fairness of an enactment authorizing the
use of the unexpended balances in these special
funds for general purposes present legislative
rather than judicial considerations.  Conse-
quently, the State now has the right, if the
Legislature deems it wise to pass suitable
laws authorizing it, to use the balances of
these special funds for general purposes.
Section 1 of the Act which authorized the
transfer of Operator's and Chauffer's License
Fund to the General Revenue Fund, is there-
fore valid."

The Unemployment Compensation Special Administration
Fund is a statutory special fund as distinguished from a con-
stitutional special fund, and therefore, the Legislature may
provide the purposes for which this special fund may be ex-
pended.  However, in the administration of the special fund,
it must be administered and disbursed for the limited purposes
for which the fund was created, as directed by the Legislature.

You are, therefore, advised that the above quoted
provisions of Article 5221b-22a direct you and the Treasurer
to keep the moneys in the Unemployment Compensation Special
Administration Fund in a separate account from all other funds,
and it is to be expended for only those purposes authorized by
the Legislature.

## S U M M A R Y

The Unemployment Compensation Special
Administration Fund, created by the pro-
visions of Article 5221b-22a, Vernon's
Civil Statutes, is a statutory special
fund and moneys deposited in such fund

must be kept separate and apart from
all other moneys and can only be ex-
pended for the purposes authorized
by the Legislature.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John Reeves
John Reeves
Assistant

JR:mfh:zt

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

Mrs. Marietta Payne

Jack Goodman

Henry G. Braswell

REVIEWED FOR THE ATTORNEY GENERAL

BY:   W. V. Geppert